**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY KELLY, | No. 15-16175 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02074-LRH-CWH |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 22, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Gregory Kelly appeals pro se from the district court's judgment following a jury verdict in his 42 U.S.C. § 1983 action alleging excessive force during his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the district court's decision to admit or exclude expert testimony. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 460 (9th Cir. 2014) (en banc). We affirm.

The district court did not abuse its discretion by excluding the expert testimony of Dr. Quesada because the testimony would not assist the jury to understand or determine a fact in issue. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043-44 (9th Cir. 2014) (setting forth legal standards for exclusion of expert testimony). Dr. Quesada did not treat Kelly until two years and four months after the incident allegedly causing his injuries, and Dr. Quesada was unable to testify that Kelly's injuries were caused by his arrest and handcuffing. Moreover, the jury found that the arresting officers did not use excessive force in arresting the appellant.

The district court did not abuse its discretion by allowing Dr. Peters to testify as an expert concerning police practices, and did not err by failing to hold a separate hearing to review Dr. Peters's qualifications. *See Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 979 (9th Cir. 2009) ("The district court has discretion whether to hold a *Daubert* hearing in determining whether to admit expert testimony.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**